UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DUNE JEWELRY, INC.   )
                     )
        Plaintiff,   )
                     )
v.                   )
                     )  Civil Action No. 1:15-cv-10597
REBECCA JAMES, LLC,  )
                     )
        Defendant.   )
                     )

**COMPLAINT and Jury Demand**

Plaintiff, Dune Jewelry, Inc., ("Dune Jewelry"), by and through its undersigned counsel, for its Complaint against Rebecca James, LLC, doing business under the fictitious name Tropicality ("Tropicality"), shows and alleges as follows:

**THE PARTIES**

1. Dune Jewelry is a Massachusetts corporation with its principal place of business at 1 Westinghouse Plaza, Building D, Suite 7 Boston, MA 02136.

2. Upon information and belief, Rebecca James, LLC is a Florida limited liability company with a principal place of business at 321 Beach Road Sarasota, FL 34243.

3. Rebecca James, LLC is doing business under the fictitious name Tropicality.

**JURISDICTION AND VENUE**

4. This action arises under 35 U.S.C. § 1 et seq. including 35 U.S.C. §§ 271, 281, 283, 284, and 285. Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. This Court has subject matter jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §§1331 and 1338. This Court also has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. §1367(a).

6. This Court has personal jurisdiction over Tropicality through its purposeful minimum contacts with Massachusetts, as Tropicality has been engaged in substantial and continuous business in this Judicial District.

7. This Court also has personal jurisdiction over Tropicality as Tropicality has purposefully availed themselves to the Commonwealth by their interactive and commercial website which has, and continues to, solicit business in the Commonwealth

8. Venue is proper in this Court pursuant to 28 U.S.C. §§1391and 1400.

## FACTUAL BACKGROUND

### A.     U.S. Patent No. D705,113 Patent

9. On October 24, 2013, Dune Jewelry and/or its predecessor in interest filed an application with the United States Patent and Trademark Office (hereinafter the "USPTO") for a U.S. Design Patent entitled SAND JEWELRY, to which the USPTO assigned Application No. 29/470,752.

10. Application No. 29/470,752 ultimately issued as U.S. Patent No. D704,113 ("'D113 Patent") on May 20, 2014. **Exhibit A**

11. The 'D113 Patent claims the ornamental design for sand jewelry.

### B.     U.S. Patent No. D704,589 Patent

12. On October 24, 2013, Dune Jewelry and/or its predecessor in interest filed an application with the USPTO for a U.S. Design Patent entitled SAND JEWELRY, to which the USPTO assigned Application No. 29/470,755.

13. Application No. 29/470,752 ultimately issued as U.S. Patent No. D704,589 ("'D589 Patent") on May 13, 2014. **Exhibit B**

14. The 'D589 Patent claims the ornamental design for sand jewelry.

**C.     Defendant's Infringing Products**

15. Tropicality's infringing products (hereinafter referred to as "infringing products") includes, but are not limited to:

- Tropicality's horizontal bar design (**Exhibit C**);
- Tropicality's Dainty Silver Sand Bangle (**Exhibit D**);
- Tropicality's Beach Sand Cuff Bracelet (**Exhibit E**);
- Tropicality's Beach Sand Macrame Bracelet (**Exhibit F**);
- Tropicality's Wire Wrapped Sand Bangle (**Exhibit G**); and,
- Tropicality's Beach Sand Studs (**Exhibit H**)

16. Upon information and belief, all of the Tropicality's infringing products contain sand and infringe the claims of at least one of Dune Jewelry's issued patents.

17. Tropicality manufactures, offers to sell, and sells the infringing products in the United States without a license to do so.

18. Tropicality offers for sale the infringing products throughout the United States (e.g., Massachusetts) via their website http://tropicality.bigcartel.com/.

19. Tropicality has sold at least one, if not all, of the infringing products in Massachusetts.

**D.     Sandbar Trademark**

20. Dune Jewelry has been using the mark "Sandbar" in conjunction with the offering and selling of its jewelry since at least as early as 2010. **Exhibit I.**

21. On January 22, 2015 Dune Jewelry filed an in-use trademark application with the USPTO for the mark "Sandbar" in international class 14 for Jewelry ("Sandbar Application"). The Sandbar Application was issued Serial No. 86511361 by the USPTO.

22. Upon information and belief, Tropicality is currently selling its horizontal silver bar design necklace under the name "Silver Sandbar."

### E. Tropicality's Unfair Trade Practices

23. Upon information and belief, with respect to Tropicality's infringing products, Tropicality does minimal research and development of their own, and simply copy Dune Jewelry's patented products.

24. Tropicality tarnishes Dune Jewelry's reputation and erodes Dune Jewelry's ability to leverage its patents by making misleading statements to potential purchasers of Dune Jewelry's patented products and by providing inferior copycat products which tarnishes the sand jewelry industry.

### F. Plaintiff's Notice Letter

25. On June 10, 2014, Plaintiff, upon discovering Tropicality's use, manufacturing, advertising and sale of the above identified infringing products, sent a letter to the Defendant to inform it of Dune Jewlery's patents and other intellectual property rights, and provided the Defendant notice of their infringing items. **Exhibit J**.

26. Defendant confirmed receipt of the letter, but never responded in substance and never ceased manufacturing, using, advertising, or selling any of the above alleged infringing products.

27. Upon information and belief, Defendant has committed the infringing acts complained of willfully and with conscious disregard of the Plaintiff's rights.

**COUNT I**
**(INFRINGEMENT OF THE 'D113 PATENT)**

28. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-25 inclusive, and incorporates them herein by reference.

29. Pursuant to 35 U.S.C. §287, examples of notice include a letter dated June 10, 2014 to the Defendant. **Exhibit J**.

30. On information and belief, Tropicality has and continues to, without license from Dune Jewelry, infringe the 'D113 patent under 35 U.S.C. §271(a), by manufacturing, using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the infringing products, which embody the design covered by the 'D113 design patent.

31. On information and belief, Tropicality has and continues to, without license from Dune Jewelry, induce others (e.g., third party re-sellers) to infringe the 'D113 patent under 35 U.S.C. §271(b), by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the infringing products, which embody the design covered by the 'D113 design patent, through a network of third party websites and stores who sell directly to consumers.

32. As a direct and proximate consequence of the acts and practices of Tropicality, Dune Jewelry has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §284 adequate to compensate for such infringement, but in no case less than a reasonable royalty.

33. As a direct and proximate consequence of the acts and practices of Tropicality, Tropicality has also caused, is causing and, unless such acts and practices are enjoined by the

Court, will continue to cause irreparable harm to Dune Jewelry for which it is entitled to preliminary and permanent injunctive relief under 35 U.S.C. §283.

34. Tropicality's acts of infringement are intentional and willful and "exceptional" pursuant to 35 U.S.C. §285.

## COUNT II
## (INFRINGEMENT OF THE 'D589 PATENT)

35. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-34 inclusive, and incorporates them herein by reference.

36. Pursuant to 35 U.S.C. §287, examples of notice include a letter dated June 10, 2014 to the Defendant. **Exhibit J**.

37. On information and belief, Tropicality has and continues to, without license from Dune Jewelry, infringe the 'D589 patent under 35 U.S.C. §271(a), by manufacturing, using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the infringing products, which embody the design covered by the 'D589 design patent.

38. On information and belief, Tropicality has and continues to, without license from Dune Jewelry, induce others (e.g., third party re-sellers) to infringe the 'D589 patent under 35 U.S.C. §271(b), by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the infringing products, which embody the design covered by the 'D589 design patent, through a network of third party websites and stores who sell directly to consumers.

39. As a direct and proximate consequence of the acts and practices of Tropicality, Dune Jewelry has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering and will

continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §284 adequate to compensate for such infringement, but in no case less than a reasonable royalty.

40. As a direct and proximate consequence of the acts and practices of Tropicality, Tropicality has also caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Dune Jewelry for which it is entitled to preliminary and permanent injunctive relief under 35 U.S.C. §283.

41. Tropicality's acts of infringement are intentional and willful and "exceptional" pursuant to 35 U.S.C. §285.

## COUNT III
### (UNJUST ENRICHMENT)

42. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-41 inclusive, and incorporates them herein by reference.

44. As a result of the conduct of the Tropicality as described above, and unless the relief sought in this Complaint is granted, Tropicality will unjustly benefit from and be unjustly enriched by, their own intentional and wrongful acts.

## COUNT IV
### (Common Law Trademark Infringement)

45. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-44 inclusive, and incorporates them herein by reference.

46. Plaintiff has used and has continued to use, without interruption, the Sandbar mark in connection with the sale of jewelry since at least as early as 2010.

47. By virtue of its exclusive and continued use of the Sandbar mark, Plaintiff has acquired the sole and exclusive right to use said mark in connection with jewelry. As a result of

nationwide, and international, advertising and sales of jewelry in connection with the Sandbar mark, Plaintiff has gained recognition and good will in the mark for use with the jewelry.

48. Without the consent of the Plaintiff, Tropicality is offering for sale and selling jewelry under the name Sandbar.

49. Tropicality's use of "Sandbar" in connection with jewelry has caused, and will continue to cause, a likelihood of confusion, mistake or deception, all to the Plaintiff's irreparable injury and Tropicality's unjust enrichment and benefit in violation of Plaintiff's common law trademark rights and constitute a fraud on the public.

50. Tropicality's use of "Sandbar" in connection with jewelry has caused and is likely to continue to cause members of the public to believe that the Tropicality's jewelry is offered by way of the Plaintiff or with the approval, consent and or sponsorship of the Plaintiff.

51. As the direct and proximate result of Tropicality's infringement, the Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and good will warranting an injunction and an award of monetary damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, as relief, Plaintiff respectfully prays for a judgment against Defendant as follows:

A. A judgment that Defendant has infringed one of more claims of each of Dune Jewelry's asserted patents;

B. An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity

or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of Dune Jewelry's asserted patents and trademarks;

  C. A judgment awarding Dune Jewelry all damages adequate to compensate for Defendant's infringement of Dune Jewelry's asserted patents, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

  D. A judgment awarding Dune Jewelry all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. §284, together with prejudgment interest;

  E. Declaring this to be an "exceptional" case within the meaning of 35 U.S.C. §285, entitling Dune Jewelry to an award of its reasonable attorney fees, expenses and costs in this action as well as pre-judgment and post judgment interests;

  F. Grant damages associated with Defendant's infringing activities be trebled where allowed by law as a result of Defendant's actions complained of herein; and,

  G. Dune Jewelry has such other and further relief as this Court may deem just and equitable.

Dated: February 27, 2015

Respectfully Submitted,
Attorney for Defendant

By:  /s/ Brendan M. Shortell
Brendan M. Shortell (BBO# 675851)
Gary E. Lambert (BBO# 548303)
Lambert & Associates
92 State Street
Suite 200
Boston, MA 02109
Telephone: 617.720.0091
Facsimile: 617.720.6307
shortell@lambertpatentlaw.com